IN THE MATTER OF: THE CUSTODY OF MELVIN LEE COX, JR., SUSAN DIANNE COX AND JAMES EARL COX

No. 7319DC615

(Filed 24 October 1973)

1. Appeal and Error § 6— absence of order from which to appeal

There was no order from which respondent could appeal where the judge stated that he would like to find that respondent knew the whereabouts of her child and indicated that he would do so at a proper contempt proceeding, but the judge actually entered no order.

2. Divorce and Alimony § 21— failure to make support payments — motion to be purged of contempt — necessity for hearing

Where petitioner was jailed for contempt in failing to make court-ordered child support payments, the petitioner filed a motion supported by affidavit that he be purged of contempt on the ground that he had no means to comply with the court's order requiring him to pay $6,460, the amount of arrearage of his support payments, the trial court erred in entering an order finding that petitioner had no means to comply, that his relatives had raised $2,000 on his behalf and that he should be purged of contempt upon payment of the $2,000 where the court conducted no evidentiary hearing and respondent was given no opportunity to present evidence of petitioner's ability to pay.

APPEAL by respondent-mother from *Sapp, Judge,* 14 May 1973 Session of District Court, RANDOLPH County.

The matter of custody and child support with respect to Melvin Lee Cox, Jr., Susan Dianne Cox, and James Earl Cox has been the subject of litigation in the courts of Randolph County since 1961. The children's ages are now 17, 16 and 15 respectively. Prior to 2 May 1972, custody of the children was in the mother, respondent, Virginia Minton Cox. The father, petitioner, Melvin Lee Cox, was ordered on 17 October 1964 to pay $17.50 for their support. He has paid nothing since 20 June 1966, and was adjudged in contempt on 31 August 1972. Also on 31 August 1972, the court placed Susan and James Earl

In re Cox

in the custody of the Department of Social Services of Randolph County and after hearing on 28 September 1972, the court refused to change its order of custody. Respondent appealed to this Court. We affirmed the trial tribunal's order [17 N.C. App. 687, 195 S.E. 2d 132 (1973)], and certiorari to the Supreme Court was denied [283 N.C. 585, 196 S.E. 2d 809 (1973)]. Respondent now appeals from what she says is an order holding her in contempt after a hearing held on 10 May 1973, pursuant to notice to determine whether Virginia Minton Cox and Ottway Burton, her attorney, had any knowledge as to the whereabouts of James Earl Cox, who had left the Children's Home in Lexington.

After the affirmance of the court's order was certified back to Randolph County, the petitioner Melvin Cox was, on 19 April 1973, jailed on the contempt order. On 30 April 1973, his counsel moved for the court to make further inquiry to the end that petitioner be examined under oath as to his financial means. Attached to the motion was an affidavit of petitioner that he had no means to comply with the order requiring him to pay $6,460, the amount of arrearage in his support payments. On 14 May 1972, the court entered an order finding that petitioner had no means with which to comply, but that his relatives had raised $2,000 in his behalf. The court found as a fact that the confinement of Melvin Lee Cox and the payment of the $2,000 into the office of the clerk would be sufficient to purge him completely of any wilful contempt of the orders entered in the cause. The court, thereupon, ordered his release, providing that any sum remaining due should constitute a judgment on the property or estate of Melvin Lee Cox. From that order, respondent appealed.

*Ottway Burton for respondent appellant.*

*No counsel contra.*

MORRIS, Judge.

At the end of the hearing with respect to the whereabouts of James Earl Cox, the following transpired:

"COURT: As to Virginia Minton Moon, I firmly believe that she knew—I don't know that she knows now, but I think she knew when she had James Earl Cox in her presence and carried him to Mr. Burton's office and let him leave with-

out saying anything about it, that she knew that it was against the order of the court. She was in court when the order was made, and I think she has interfered with the operation of the court orders, and I would like to sign a judgment to that effect holding that the court finds as a fact that she did know at the time she carried the child into Mr. Burton's office that he was away from the Children's Home without permission; that she had knowledge of that fact; that she had knowledge that she should inform the authorities of his whereabouts, and she intentionally and wilfully failed to do so.

MR. IVEY: Would the court on its own motion be inclined to hold her in contempt?

COURT: I think you better go through the regular procedure.

MR. BURTON: If your Honor please, we would like to object and except to the court's finding of that fact.

COURT: Let the record show that counsel for the defendant, Virginia Minton Cox Moon, excepts.

This is Respondent, Virginia Minton Cox Moon's EXCEPTION NO. 2.

MR. BURTON: And we would like to give notice to the North Carolina Court of Appeals—notice of appeal to the North Carolina Court of Appeals.

COURT: All right. You are given 45 days them 30."

[1]  It is completely obvious that no order was entered from which respondent could appeal. We find no order of any kind in the record. The court simply stated that he would like to find as a fact that respondent knew the whereabouts of the child and further indicated that at proper contempt proceedings, he would do so. This exception is the subject of assignment of error No. 2 which we find to be without merit.

Respondent's argument that the court had no jurisdiction over the matter we find to be specious. This assignment of error is overruled.

[2]  The record contains the motion of petitioner for his release, his affidavit, and the order releasing him from custody for contempt. There is nothing in the record indicating that evidence was taken or that any type of hearing was had. There

is in the record an affidavit of Ottway Burton, counsel for respondent. No exception was taken to its inclusion. We, therefore, assume that it speaks the truth. According to the affidavit, no hearing was held on 10 May 1973 as stated in the order, although counsel for petitioner was in the courtroom. Respondent was ready to give evidence as to petitioner's ability to pay. Petitioner's counsel made no effort to have the motion heard. On 15 May 1973, respondent's counsel found the order releasing petitioner in a box in the clerk's office. Upon telephone inquiry to the judge, he learned the order had been signed in Chapel Hill at an alumni meeting on 11 May 1973, without a hearing. There had been no agreement that an order could be signed out of the district.

Petitioner sought to have himself purged of contempt. The burden was his to show facts sufficient to warrant his release. Respondent is entitled to rebut the evidence if she can. Although the order recites that petitioner's relatives have raised $2,000 which they are willing to use for his benefit, there is no evidence to support that finding. We note that respondent's counsel in his brief set forth evidence in behalf of his client to rebut petitioner's motion. This, of course, we did not consider. The place for the giving of testimony is in open court and not in a brief filed in an appellate court. This is highly improper. Nevertheless, we are of the opinion that the trial court acted hastily in signing and entering the order purging petitioner of contempt and ordering his discharge from custody. The order is, therefore, vacated and the matter remanded for further proceedings consistent with this opinion.

Remanded.

Chief Judge BROCK and Judge PARKER concur.